UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MOHAMMED HUSSAIN,

        Plaintiff,

    v.

ASCENSION SACRED HEART – ST.
MARY'S HOSPITAL, INC.,

        Defendant.

Case No. 18-cv-529

---

**DEFENDANT'S MOTION FOR SANCTIONS INCLUDING DISMISSAL FOR PLAINTIFF'S FAILURE TO APPEAR AT HIS OWN DEPOSITION OR, IN THE ALTERNATIVE, MOTION TO COMPEL PLAINTIFF'S DEPOSITION, FOR SANCTIONS, AND TO EXTEND DEFENDANT'S DISPOSITIVE MOTION AND DISCOVERY DEADLINES**

---

Defendant ASCENSION SACRED HEART – ST. MARY'S HOSPITAL, INC. ("Defendant"), by and through its undersigned counsel, hereby moves the Court, pursuant to Fed. R. Civ. P. Rule 37(d), for an order dismissing Plaintiff Mohammed Hussain's ("Plaintiff" or "Hussain") case for failure to appear at his own deposition, as well as additional monetary sanctions for that failure to appear.  Alternatively, Defendant moves the Court, pursuant to Fed. R. Civ. P. Rule 37(d), for an order compelling Plaintiff to appear for his own deposition and for appropriate sanctions pursuant to Fed. R. Civ. P. Rule 37(d)(3), including Defendant's reasonable expenses and attorney's fees associated with the deposition for which Plaintiff failed to appear and in bringing this Motion, and to extend Defendant's dispositive motion and discovery deadlines.

## FACTUAL BACKGROUND

Plaintiff in this case alleges claims of negligence and defamation relating to the services he provided to Defendant as a locum tenens physician in Wisconsin.  (Dkt. #3, Complaint at ¶ 11).  On February 28, 2019, Defendant served a notice for Plaintiff's deposition to take place on April 16, 2019 at Defendant's counsel's office in Milwaukee.  (Declaration of Casey Kaiser ¶ 2, Exhibit A, Transcript of Deposition of Mohammed Hussain, 04/16/19, Exhibits 1 and 2)**.**

On April 3, 2019, counsel for Plaintiff emailed counsel for Defendant suggesting that Defendant take Plaintiff's deposition by phone or video.  (Id. ¶ 3, Dep. Ex. 3).  Defendant's counsel replied the same day insisting that Plaintiff be present in Wisconsin – where he filed suit – for his deposition, and offering to relocate the deposition from Milwaukee to Madison, if Plaintiff so preferred.  (Id.).

On April 4, 2019, counsel for Plaintiff and Defendant had a telephone conversation during which they discussed the deposition location issue.  (Id. ¶ 4).  During that phone conversation, Plaintiff's counsel reiterated that it was Plaintiff's preference to give a deposition by phone or video so that he would not need to travel to Wisconsin from Maryland, where Plaintiff resides.  (Id.).   Defendant's counsel responded Plaintiff that, as is well-established, Plaintiff would be required to attend his deposition in Wisconsin as noticed.  (Id.).

In several email communications thereafter to Plaintiff's counsel, Defendant's counsel restated that it was Defendant's intent to take Plaintiff's deposition in Wisconsin as noticed and again offered to relocate the deposition to Madison.  (Id. ¶ 5, Ex. A, Dep. Ex. 3).

On April 16, 2019, as noticed, Defendant's counsel and a court reporter appeared for Plaintiff's deposition, but Plaintiff failed to appear.  (Id. ¶ 2, Ex. A). At no time did Plaintiff's counsel inform Defendant's counsel that Plaintiff would not appear for the deposition and at no

time did Plaintiff's counsel request or make any attempt to reschedule the deposition.  (Id. ¶ 2, Ex. A; Id. ¶ 6).

Defendant conferred in good faith with Plaintiff in an effort to resolve this issue without the necessity of involving the Court.  (Id. ¶ 7).  Unfortunately, the parties have not been able to resolve this issue despite Defendant's good faith efforts.

## ARGUMENT

Under the Federal Rules of Civil Procedure the location of a deposition is first left to the party noticing the deposition.  Fed. R. Civ. P. 30(b)(1).  Where defendant has requested that plaintiff appear for his deposition within the forum district in which he has chosen to file suit, he must appear for his deposition absent a showing of unreasonable hardship or exceptional circumstances.  *See, e.g., Karakozova v. Trustees of Univ. of Pa.*, No. 09-02564, 2010 WL 3768351, at *2 (E.D. Pa. Sept. 28, 2010) (citing *Sampathachar v. Federal Kemper Life Assurance Co.,* Civ. A. No. 03–5905, 2004 WL 2743589 at *1 (E.D. Pa. Nov. 24, 2004) ("Normally, a plaintiff will be required to make himself or herself available for examination in the district in which suit was brought because the plaintiff selected the forum.")); *Shames v. Celebrity Cruises, Inc.*, 09-23468-CIV, 2010 WL 2867964 at *1 (S.D. Fla. April 21, 2010) (stating that the general rule is that a plaintiff must be subject to a deposition in the forum district); *Chesaco Motors, Inc. v. Gulf Stream Coach, Inc.*, No. 3:09-CV-383 RL, 2011 WL 13243839, at *2 (N.D. Ind. Aug. 18, 2011) (same); *see also Philadelphia Indem. Ins. Co. v. Federal Ins. Co.,* 215 F.R.D. 492, 495 (E.D. Pa.2 003) ("Usually, a party seeking discovery may set the place where the deposition will take place, subject to the power of the courts to grant a protective order designating a different location."); *Hart v. Simons,* 29 F.R.D. 146, 147 (E.D. Pa. 1961) ("a non-resident plaintiff who elects to sue in a foreign forum is required to make himself

available to examination for discovery purposes in such forum in the absence of a showing of unreasonable hardship or the presence of exceptional circumstances"); *McGinley v. Barratta,* No. 06–510, 2006 WL 2346301, at *2 (E.D. Pa. Aug. 11, 2006) (denying plaintiffs' request to appear for a deposition by telephone where "[p]laintiffs have not shown why the inconvenience and expense for them in this case is any greater than it would be in the majority of cases which form the general rule . . . that a plaintiff is expected to appear for deposition in the forum he or she selected").

Here, not only did Plaintiff not appear for his own deposition, he has not cited any reason for not appearing, except for his preference not to have to travel to Wisconsin. Plaintiff's failure to attend his deposition was a blatant and unexcused violation of the deposition notice, and his noncompliance with the deposition notice lacks any reasonable factual or legal basis and, therefore, is not substantially justified. There is no justification for Plaintiff's failure to appear for his own deposition, but for his willfulness, bad faith, and fault. In such circumstances, dismissal may be warranted as a sanction. *Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009) (citing Fed. R. Civ. P. 37(d)(1)(A)(i); 37(b)(2)(A)(v)); *see also Banty v. Dings Co. Magnetics Group*, No. 09-C-0963, 2010 WL 4337905, at *3 (E.D. Wis. Oct. 22, 2010).

Alternatively, Defendant requests that the Court order Plaintiff to appear for a deposition in Wisconsin as early as schedules allow and to award Defendant its reasonable expenses for having to bring this motion, its attorney's fees for attending the April 16, 2019 deposition for which Plaintiff failed to appear without substantial justification, and the court reporter's fees for that deposition. Fed. R. Civ. P. 37(d)(3) (court "must require party failing to [appear at his deposition] . . . to pay the reasonable expenses, including attorney's fees, caused by the failure unless the failure was substantially justified or other circumstances make an award of expenses

unjust").  Defendant further requests that the Court extend the current dispositive motion and discovery deadlines.  The dispositive motion deadline in this case has been set for June 6, 2019, and the discovery deadline has been set for June 28, 2019.  Plaintiff's failure to attend his duly noticed deposition puts Defendant in a position where it may not be in a position to file its anticipated motion for summary judgment by the deadline or to propound further discovery based on information obtained during Plaintiff's deposition, if the deadlines are not extended. Therefore, Defendant also moves the Court for an Order extending Defendant's dispositive motion and discovery deadlines for a forty-five (45) day period following the completion of Plaintiff's deposition in Wisconsin.

Dated this 22nd day of April, 2019.

*/s/ Casey M. Kaiser*
Sofija Anderson, (WI State Bar 1041498)
Julia S. Arnold (WI State Bar 1083034)
Casey M. Kaiser (WI State Bar 1088881)
Littler Mendelson, P.C.
111 East Kilbourn Avenue, Suite 1000
Milwaukee, WI 53202
Phone:  414-291-5536
Fax:  414-291-5526
Email: sanderson@littler.com
Email: jarnold@littler.com
Email: ckaiser@littler.com

*Counsel for Defendant, Ascension Sacred Heart – St. Mary's Hospital, Inc.*

5