UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MOHAMMED HUSSAIN,

    Plaintiff,

v.

ASCENSION SACRED HEART – ST. MARY'S HOSPITAL, INC.,

    Defendant.

Case No. 18-cv-529

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR SANCTIONS INCLUDING DISMISSAL OR, IN THE ALTERNATIVE, MOTION TO COMPEL PLAINTIFF'S DEPOSITION, FOR SANCTIONS, AND TO EXTEND DEFENDANT'S DISPOSITIVE MOTION AND DISCOVERY DEADLINES**

Defendant ASCENSION SACRED HEART – ST. MARY'S HOSPITAL, INC. ("Defendant") submits the following reply in support of its motion for sanctions including dismissal or, in the alternative, motion to compel plaintiff's deposition, for sanctions, and to extend Defendant's dispositive motion and discovery deadlines.

## INTRODUCTION

In his opposition to Defendant's motion, Plaintiff ("Plaintiff" or "Hussain") spends a great deal of time discussing how busy he is and the fact that he himself will be deposing several of Defendant's witnesses by video conference. But his opposition (Dkt. No. 32) is most notable for what it does *not* include: Plaintiff does not dispute his obligation to appear for his own deposition in his chosen forum; he does not provide any reason for his inability for appear in person on April 16, 2019 (much less an unreasonable hardship or exceptional circumstance); and he does not provide any alternate dates to appear. In fact, at no point does he ever suggest to the Court that he will in fact agree to appear in person on *any* date. This is consistent with Plaintiff's counsel's representation to Defendant's counsel that he would not facilitate an in-person

deposition under any circumstances. Plaintiff's brazen obstruction of the discovery process in his own case is wholly unacceptable, and he should be sanctioned accordingly.

**COUNTER-ARGUMENT**

**I.     Plaintiff Does Not Provide Any Legal Basis Refusing to Appear for His Deposition**

At the outset, Plaintiff acknowledges that "[o]rdinarily, a defendant is entitled to examine a plaintiff in the forum where plaintiff has chosen to sue," barring any "special circumstances" such as "hardship or burden to the plaintiff, which outweigh any prejudice to the defendant." (Dkt. No. 32 at 4 (citing *Seuthe v. Renwal Prods., Inc.*, 38 F.R.D. 323 (S.D.N.Y. 1965))). But rather than identify any such "special circumstances" that prevented him from appearing for his own deposition, he proceeds to assert the entirely unexceptional and completely irrelevant argument that Fed. R. Civ. P. Rule 30(b) permits telephone depositions. (Dkt. No. 32 at 5). More importantly, what Rule 30 does *not* do is permit a plaintiff – whose own claims are the reason he must be deposed – to unilaterally demand a remote format without good cause.

Indeed, the case law Plaintiff cites is entirely inapposite. In *Jahr v. IU Int'l Corp.*, the court granted the plaintiff's motion to take the telephone deposition of an out-of-state defense witness. (Dkt. No. 32 at 5 (citing 109 F.R.D. 429 (M.D.N.C. 1986))). In *Asea v. S. Pac. Transp. Co.*, the appellate court affirmed the trial court's order that a deposition of a non-party witness be taken in the deponent's domicile. (Dkt. No. 32 at 5 (citing 669 F.2d 1242, 1248 (9th Cir. 1981))). Finally, in *Turner v. Prudential Ins. Co.*, the court granted the plaintiff's request to depose the defendant policyholder in the state where the insurance policy at issue had been issued. (Dkt. No. 32 at 5 (citing 119 F.R.D. 381, 384 (M.D.N.C. 1988))). Specifically, the *Turner* court found that the "defendant's claim of hardship in having to submit itself, through its officers, for deposition in the forum district is entitled to less sympathetic consideration." *Id.* These are precisely Plaintiff's circumstances, only with parties reversed. Indeed, in *Turner*, the

court expressly noted that "[b]ecause the plaintiff often chooses the forum, he will more likely be required to attend his deposition when set in the forum district." *Turner*, 119 F.R.D. at 383.

## II.     Plaintiff Does Not Identify Any Special Circumstances That Precluded His Appearance for His Deposition

Defendant does not dispute the principle that a telephonic deposition may be appropriate "upon a showing of necessity, financial inability or other hardship." (Dkt. No. 32 at 5). Yet Plaintiff argues that Defendant has not shown any prejudice that would have arisen from deposing him telephonically, and thus should be required to depose him in that format. (Id.). As a factual matter, Plaintiff misrepresents the record. Defendant's counsel previously filed with this Court a copy of his email to Plaintiff's counsel wherein he explained that "[a]n in-person deposition is critical for us in terms of assessing Dr. Hussain's credibility" and also that counsel plans to question Plaintiff on many of the documents produced in the case to be marked as exhibits at the deposition. (Dkt. No. 31-4 at 2).

More crucially, as a matter of law, Plaintiff misrepresents the legal standard. He suggests that the default is that it is Plaintiff's choice to force a telephonic deposition until Defendant can show it would be prejudiced by the same. (Dkt. No. 32 at 5-6). But the very case law Plaintiff cites analyzes prejudice arising from a telephonic deposition only to the extent such prejudice outweighs the hardship or burden required to justify the request for the remote format. (Dkt. No. 32 at 4-5). In other words, the default is that it is Defendant's choice to depose Plaintiff in his filing forum unless Plaintiff can show hardship or burden; if he can, only then does the Court consider whether such hardship or burden outweighs any prejudice to Defendant. Here, Plaintiff has not made any such showing of hardship or burden in the first instance, and he never specified any hardship or burden in counsels' communications prior to Plaintiff's failure to appear at his deposition.

3

Instead, Plaintiff asserts only that he "was simply unavailable to have his face to face deposition deposition [sic] on the date and time provided in the notice based on his busy schedule." (Id. at 5). He does not explain why he was unavailable on that date, other than a vague statement that he "already had assignments scheduled for April along with other obligations for his local practice" and was "in Pennsylvania and Ohio for assignment . . . during the April 16, 2019 timeframe". (Id. at 4). Thus, he does not even directly claim that he had *any* particular conflict on April 16 itself, but only that general "timeframe." He provides no description of any medical patient he was required to treat or procedure he was committed to oversee on April 16, any personal or family illness, or any difficulty paying to travel for his deposition. He provides absolutely no reason at all, and even more egregious, Plaintiff never raised any of these alleged scheduling conflicts during *any* of counsels' verbal or email exchanges prior to Plaintiff's failure to appear at his own deposition or prior to the filing of his response to the motion. (Dkt. No. 31-4 at 1-7).

**III.  Plaintiff Has Never Agreed to Be Deposed in Person, on *Any* Date**

Plaintiff contends that his counsel "reiterated that based on Plaintiff's schedule he was unable to travel to Wisconsin *on April 16, 2019* and telephone or video was the only way he could conduct his deposition *on that day*" because "it simply was not possible *on April 16, 2019*" for him to appear in person. (Dkt. No. 32 at 4 (emphasis added)). Hussain avers that he requested a telephone or video deposition "if it was to be conducted on April 16, 2019 as noticed. (Id.). He thus insinuates that his objection to appearing in person was only with regard to that one particular day, and that if Defendant had "entertained alternative dates . . . this issue would undoubtedly been resolved." (*Id.*) [1]

---

[1] Plaintiff attempts to distract the Court or at least equate the parties' circumstances by discussing at length his own intent to depose Defendant's witnesses by video, and willingness to change deposition

4

To the contrary, at no time has Plaintiff represented to Defendant or the Court that he would appear for his deposition in person on *any* date, even after Defendant offered to relocate the deposition from Milwaukee to Madison. (Dkt. No. 31 ¶ 5). Defendant "did not entertain alternative dates" because Hussain never proffered any. In fact, on March 29, 2019, Plaintiff's counsel had already emailed defense counsel to "suggest we conduct all depositions in this matter [including Plaintiff's] via phone or video conference." (Dkt. No. 31-4 at 5). Plaintiff did not skip his deposition because he had a scheduling conflict on April 16 – he skipped it because he had already decided that he did not want to be bothered to appear in-person on any date at all.

On April 3, 2019, after Defendant's counsel objected, Plaintiff's counsel disputed the very basis for his in-person deposition, as opposed to debating the appropriate date for it: "I'm not sure I understand Defendants rationale for insisting on an in person deposition of Dr. Hussain. It's unnecessary for the depositions in this matter to be conducted in person." (Id. at 3). Defendant's counsel responded on April 11, 2019 that he had "not provided any reason that either you or your client are not available that day" or "any reason why you or your client are unable to come to Wisconsin – where your client filed this lawsuit – for this deposition." (Id. at 2). Plaintiff's counsel's only response was that he would be available by phone or video on April 16, and that he personally had no difficulties with taking prior depositions by telephone. (*Id.* at 11.)

In sum, at no point in any correspondence or communication with Defendant's counsel did Plaintiff's counsel suggest any other date for an in-person deposition or that he would ever appear in-person at all; he merely reiterated that it was Plaintiff's preference to be deposed by

---

dates by several days. (Dkt. No. 32 at 6). Again, the parties' relative positions are inapposite: Plaintiff may choose his own preferred format for deposing Defendant's witnesses, but not for being deposed himself. In addition, Plaintiff agreed to reschedule Defendant's witnesses' depositions because unlike Plaintiff, Defendant suggested alternative dates when Defendant's counsel and the witnesses were available.

5

phone or video so that he would not need to travel to the place where he filed suit. (Dkt. No. 31 ¶ 4).[2] None of Plaintiff's communications suggest a good-faith effort – or any effort at all – to reschedule his deposition.

### IV. Defendant Satisfied Its Meet and Confer Obligations Prior to Filing Its Motion

Somewhat incredibly, in light of the well-developed record, Plaintiff contends that Defendant failed to communicate adequately in advance of bringing this motion. He does not dispute, however, that Defendant's counsel emailed and spoke with Plaintiff's counsel at least five times over the course of a week and a half regarding Plaintiff's objection to appearing in person for his deposition. (Dkt. Nos. 31 ¶¶ 3-5 and 31-4). Plaintiff claims that a "simple and reasonable resolution would be to propose alternate dates," but he does not clarify if such dates would apply to an in-person appearance. (Dkt. No. 32 at 7). Plaintiff proposed no such dates himself, and had already made clear that he had no intention of appearing in-person for his deposition at any point. In any event, Defendant's counsel expressly stated in his April 11 email to Plaintiff's counsel that "[i]f your client does not appear, we will seek relief from the court as appropriate." Plaintiff was provided full and fair notice of the likelihood of motion practice at that juncture, and chose to do nothing. (Dkt. No. 31-1 at 1).

### V. Sanctions Are Warranted by Record Evidence of Plaintiff's Willfulness

In an effort to avoid sanctions for his willful disregard of his discovery obligations, Plaintiff again insists, in the face of all contrary evidence, that his failure to appear was somehow justified because he "made it clear he was only available by phone or video conference on April 16, 2019." (Dkt. No. 32 at 8). First, as discussed above, he did not communicate his unavailability for April 16 alone, but rather his refusal to appear in-person on any date

---

[2] Also, Plaintiff's counsel has not disputed that he never notified Plaintiff's counsel that Plaintiff would not appear for his properly-noticed deposition on April 16, 2019. (Dkt. No. 31 ¶ 6.)

6

whatsoever. Second, he also never informed defense counsel that he would in fact not appear on April 16. To indicate that Plaintiff would "be available by phone or video conference" and request dial-in information is not the same as stating categorically that he would not show up on April 16. (Dkt. No. 31-4 at 1). Because Plaintiff's counsel never told Defendant's counsel that Hussain would not appear, Defendant's counsel was forced to prepare and appear for the deposition nonetheless, to no avail, incurring significant costs.

## VI. Modification of the Scheduling Order is Appropriate in Light of Plaintiff's Dilatory Conduct

As of this filing, Plaintiff has not suggested any dates for his deposition. Even if he were willing to be deposed next week, Defendant would lack sufficient time to propound additional discovery requests that may arise from his testimony before its summary judgment motion would be due on June 6, 2019. Also, the parties would not be in possession of the deposition transcript from the court reporter for a week or more, leaving less than two weeks for Defendant to prepare its summary judgment motion, regardless of additional discovery needs.

Plaintiff refused to attend his deposition on April 16, 2019, failed to suggest alternate dates, and made clear he has no intention of being deposed in-person on any date. He did not notify Defendant's counsel that he would not appear on April 16, and forced Defendant to incur the attendant costs. He still has not proposed any date for his deposition, but objects to an extension of the discovery and dispositive motion deadlines, in an effort to hamstring Defendant's full-throated defense of this matter.

This Court should not countenance Plaintiff and his counsel's conduct, and should dismiss his claims accordingly. In the alternative, the Court should order Plaintiff to appear forthwith for his deposition, and award Defendant its reasonable expenses and fees in bringing this motion, for Defendant's counsel's appearance for the failed April 16 deposition session, and

for the court reporter's fees for same. Finally, the Court should extend Defendant's summary judgment and discovery deadlines by 45 days following the completion of Plaintiff's deposition in Wisconsin, based on the good cause hereby demonstrated by Defendant.

Respectfully submitted this 10th day of May, 2019.

/s/ Casey M. Kaiser
Sofija Anderson, (WI State Bar 1041498)
Julia S. Arnold (WI State Bar 1083034)
Casey M. Kaiser (WI State Bar 1088881)
Littler Mendelson, P.C.
111 East Kilbourn Avenue, Suite 1000
Milwaukee, WI 53202
Phone: 414-291-5536
Fax: 414-291-5526
Email: sanderson@littler.com
Email: jarnold@littler.com
Email: ckaiser@littler.com

*Counsel for Defendant, Ascension Sacred Heart – St. Mary's Hospital, Inc.*