IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MOHAMMED HUSSAIN,

              Plaintiff,              OPINION AND ORDER

v.

                                         18-cv-529-wmc

ASCENSION SACRED HEART -- ST MARY'S
HOSPITAL, Inc.,

              Defendant.

This lawsuit was first initiated by plaintiff Mohammed A. Hussain against Ascension Sacred Heart -- St. Mary's Hospital, Inc. ("the Hospital"), following receipt of a negative performance evaluation letter. In response to claims of defamation and negligence, the Hospital then counterclaimed alleging that Hussain had entered into a contract with it when he applied for work and his lawsuit breached the release-of-claims provision of that contract.

In an earlier opinion and order, this court granted summary judgment in favor of the Hospital, although explained that it would "not enter final judgment until the question of relief is resolved." (Summ. J. Opinion & Order ((dkt. #70) 17.) Initially, defendant requested that: (1) the case be dismissed with prejudice; (2) the court order plaintiff to execute a release of claims pursuant to the Bylaws; (3) plaintiff be ordered to pay reasonable attorney's fees and costs; and (4) defendant be awarded compensatory damages. (Answer & Countercls. (dkt. #15) 19.) In response to defendant's request, the court observed that:

> Certainly, defendant would appear entitled to its reasonable attorney's fees and costs incurred in defense of this lawsuit. However, it is unclear what compensatory damages, if any, other than attorney's fees and costs are justified. *See Schubert*

> *v. Midwest Broad. Co.*, 1 Wis. 2d 497, 502, 85 N.W.2d 449 (1957) ("The fundamental idea in allowing damages for breach of contract is to put the plaintiff in as good a position financially as he would have been in but for the breach."). The court additionally questions the necessity of defendant's request for an order requiring Hussain to execute a release of claims as "specific performance is unavailable where legal damages are adequate to remedy the breach." *Ash Park, LLC v. Alexander & Bishop, Ltd.*, 2010 WI 44, ¶ 41, 324 Wis. 2d 703, 783 N.W.2d 294. Moreover, entry of a final judgment in this case would appear to amount to the same thing.

(Summ. J. Opinion & Order (dkt. #70) 17-18.) In light of these concerns, the court also asked defendant to "submit a proffer of: (a) the attorney's fees and costs incurred in defending against plaintiff's claims in this lawsuit; and (b) any other evidence or legal authority it has to support a claim for additional compensatory damages and its request for injunctive relief." (*Id.* at 25.)

The Hospital has now done so. (Dkt. #71.) Specifically, the Hospital asks for an award of damages in the form of attorneys' fees and costs "incurred in this action." (Dkt. #71.) Included in its submission is an itemized spreadsheet of what it represents to be the reasonably necessary services the Hospital's firm provided in this case, as well as copies of invoices pertaining to costs, ultimately totaling $141,480.59. However, the Hospital did not distinguish between the expenses incurred in defending against Hussain's claims and the expenses incurred in maintaining the Hospital's own breach of contract counterclaim against Hussain, presumably viewing the necessity of pursuing its contractual rights as a direct consequence of having to defend against Hussain's breach in bringing suit.

Plaintiff Hussain objects to defendant's request, on three grounds. (Dkt. #73.) *First,* plaintiff argues that under the so-called "American Rule," the Hospital should be

responsible for its own attorneys' fees and costs. The American Rule is followed in Wisconsin and provides that "parties to litigation typically are responsible for their own attorney fees, as opposed to the "English Rule" practice of allocating fees and costs of the "loser" in a civil lawsuit. *Estate of Kriefall v. Sizzler USA Franchise, Inc.*, 2012 WI 70, ¶ 72, 342 Wis. 2d 29, 816 N.W.2d 853 (2012) (citing *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 717-18 (1967)). Under this rule, plaintiff is correct that a defendant could not typically recover attorneys' fees incurred in defending against a lawsuit, much less in maintaining a breach of contract for counterclaim. However, the American Rule does not necessarily "deny recovery of attorneys' fees expended in cases where the [breaching party's] breach resulted in collateral litigation." 11 Corbin on Contracts § 57.9 (2020). For example, if a breach of contract is the *cause* of litigation with a third party, reasonable attorneys' fees expended in such litigation may be recovered from the breaching party as a consequential damage award. Restatement (Second) of Contract § 351 cmt. c. Thus, in *Fidelity & Deposit Co. of Maryland v. Krebs Engineers*, 859 F.2d 501 (7th Cir. 1988), the Seventh Circuit applied Wisconsin law to uphold an award of attorneys' fees and costs to Midwesco and against Krebs Engineers, where its breach resulted in collateral litigation between Midwesco and third parties. *Id.* at 505-07. To be recoverable, the court explained that the collateral litigation expenses must be reasonable and must be the "natural and proximate result" of the breach. *Id.* at 505-06.

Significantly, the collateral litigation in the *Fidelity* case was, as here, part of the same overall lawsuit. *Id.* at 506. The *Fidelity* case involved numerous claims, cross-claims, and counterclaims, and included among them was both Midwesco's breach of contract

3

claim against Krebs, as well as the third party litigation against Midwesco. *Id.* at 503. Still, the Seventh Circuit reasoned that:

> Given the Wisconsin Supreme Court's emphasis on making the injured party whole in awarding consequential damages, it is reasonable to conclude that that court would allow Midwesco to recover its reasonably foreseeable third-party litigation expenses caused by Krebs' breach. Had Krebs not breached its contract with Midwesco, Midwesco would not have had to defend suits by the towns, Scotty, and Fidelity. Midwesco had to spend a good deal of money to defend those suits, and the only way to make it whole is to reimburse it for those costs, to the extent that they are reasonable and may be properly allocated.

*Id.* at 506-07 (internal citations omitted).

Of course, unlike in *Fidelity*, the collateral litigation resulting from Hussain's breach did not result in litigation with *other* parties, but was instead litigation between Hussain and the Hospital caused by Hussain's bringing suit against the Hospital. Still, as this court understands it, the key question is whether the party's breach resulted in collateral litigation (i.e., litigation other than for the breach-of-contract itself) causing the injured party to incur damages, regardless of whether the collateral litigation involved a third party or not. *See* 11 Corbin on Contracts § 57.9 (2020) ("The litigation for the expenses of which the plaintiff seeks to recover damages usually consists of some action against the plaintiff by a third party. There are cases, however, in which the expense of litigation caused to the plaintiff by the defendant's breach can be recovered, even though that litigation consisted of an action brought by the plaintiff, instead of being brought by a third person against the plaintiff.").

As to the requirement that the collateral litigation expenses are the proximate result

4

of the breach, the court concludes that Hussain's breach -- the initiation of a lawsuit against the Hospital in violation of the exculpatory clause in his contract -- directly and foreseeably resulted in the Hospital's expenditure of attorneys' fees and costs to defend, although not necessarily countersue for breach.  However, at this point the court cannot make a final determination as to the reasonableness of the Hospital's request for the costs of defense, since, as noted, no attempt was made to parse out litigation expenses incurred in defending against Hussain's defamation/negligence claims incurred in pursuing its own breach of contract counterclaim.  Thus, the court must again request a proffer from defendant as to its requested damage award for only those litigation expenses incurred in defending against Hussain's initial claims, understanding that there will be some overlap and only asking counsel to do so in good faith.

*Second*, plaintiff argues that defendant's requested award of attorneys' fees and costs is not appropriate under Federal Rule of Civil Procedure 54(c), actually which authorizes the grant of "relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Fed. R. Civ. P. Rule 54(c).  While "a party may not be 'entitled' to relief if its conduct of the cause has improperly and substantially prejudiced the other party," *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 424 (1975), the defendant here *did* request an award of compensatory damages in its answer and counterclaim (and specifically attorneys' fees and costs) and this court has already determined it is entitled to consequential damages in the form of litigation expenses incurred in defending against Hussain's initial lawsuit).  (Answer & Counterclaims (dkt. #15) 19 ("Wherefore, Defendant/Counterclaimant requests that judgment be granted in its favor and against

5

Plaintiff/Cross-Defendant in the following manner: . . . That Plaintiff/Cross-Defendant be ordered to pay Defendant/Counterclaimant's reasonable attorney's fees and costs incurred in defending the Litigation and prosecuting these Counterclaims; and . . . That Defendant/Counterclaimant be awarded compensatory damages and such other relief as the Court may deem appropriate."). Although criticizing this request as "boilerplate" plaintiff recognizes that defendant included the requested relief in its pleadings. (Pl.'s Opp'n (dkt. #73) 6.) Regardless, all that is required under the federal rules is a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. Rule 8(a), and this standard is easily met by defendant's prayer for relief. Moreover, the court concludes that plaintiff has not been prejudiced as he was put on notice at the outset that defendant would seek compensatory damages for Hussain's breach.

*Third* and finally, plaintiff argues that the court should deny defendant's requested relief because it failed to move for attorneys' fees under Rule 54(d)(2)(A), which states that "[a] claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damage." As explained above, defendant's claim for attorneys' fees and costs is really a claim for compensatory damages due to plaintiff's breach of contract. Thus, they are assessed under substantive contract law as an element of damages, not by separate motion under Rule 54. Having said that, any request for costs related to the maintenance of its own breach-of-contract counterclaim would need to be by motion under Rule 54.

ORDER

IT IS ORDERED that:

6

1) By April 26, 2021, defendant is required to submit a proffer of the reasonable expenses incurred in defending against plaintiff Hussain's defamation and negligence claims only, rather than also including expenses incurred in maintaining defendant's own breach of contract counterclaim against plaintiff alone.

2) Defendant's motion in limine (dkt. #59) is DENIED as moot.

Entered this 1st day of April, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge